# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| **THERON SAMUEL JOHNSON,** | } | | |
| | } | | |
| Petitioner, | } | | |
| | } | | |
| v. | } | Case No.: | 1:12-cv-8058-RDP |
| | } | | 1:10-cr-0385-RDP-JEO |
| **UNITED STATES OF AMERICA,** | } | | |
| | } | | |
| Respondent. | } | | |

## MEMORANDUM OF OPINION

This matter is before the court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Theron Samuel Johnson, a federal prisoner. Johnson's Motion requests a correction at his sentence in accordance with the Fair Sentencing Act of 2010, Pub. L. 111-220 ("FSA"). (Civ. Doc. # 1).[1] The matter has been fully briefed and, upon Johnson's request, the court has expanded the record in this case. (Civ. Docs. # 1, 3, 5, 6, and 8).

**I.    Background**

On October 27, 2010, a federal grand jury returned a seven-count indictment against Theron Samuel Johnson and three others. The indictment charged Johnson with conspiracy to possess with the intent to distribute and distribution of 50 grams or more of a mixture and substance containing "crack" cocaine, 5 kilograms of more of cocaine hydrochloride ("powder" cocaine), and an amount of marijuana, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (b)(1)(C). (Cr. Doc. #

---

[1] There are two dockets referenced in this order: (1) the underlying criminal case in which Petitioner was convicted (*United States v. Johnson*, Case No. 1:10-cr-00385-RDP-JEO-1); and (2) the instant civil action brought under 28 U.S.C. § 2255 (*Johnson v, United States*, Case No. 1:12-cv-08058-RDP). To avoid confusion, documents from the former criminal docket are designated "Cr. Doc." and documents from the § 2255 civil docket are designated "Civ. Doc."

1). Johnson was also charged with two separate substantive drug offenses and with carrying a pistol during and in relation to a drug trafficking crime. (Cr. Doc. # 1).

On December 20, 2010, Johnson pled guilty to Counts One, Three, Four, and Seven. Based on Johnson's offense level and criminal history, and considering a reduction for acceptance of responsibility, a Guidelines sentencing range of 188-235 months, plus a 60-month consecutive sentence for Count Four was recommended by the United States. In calculating Johnson's guideline range, the 28:1 "crack" to "powder" ratio set forth in Amendment 706 to the United States Sentencing Guidelines was used.

Prior to sentencing, the United States moved the court, pursuant to United States Sentencing Guideline 5K1.1 and 18 U.S.C. § 3553(e), to reduce Johnson's total sentence from 188 months plus 60 months (248 months total) to 144 months plus 60 months (204 months total).

The court sentenced Johnson to a concurrent term of custody of 80 months as to Counts One, Three and Seven, and a 60 month consecutive sentence as to Count Four, for a total of 140 months. Johnson did not appeal his conviction or sentence.

On November 14, 2011, Johnson filed a motion for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. (Cr. Doc. # 107). This court denied that Motion because Johnson's original sentence already reflected the application of Amendment 706. (Cr. Doc. # 121 at 3-4 and 123).

**II.    Analysis**

In his § 2255 motion, Johnson seeks re-sentencing. In support of his motion, he notes that at the time of his sentencing hearing Eleventh Circuit case law provided that he was not subject to

the FSA, but that subsequent case law provides that his sentence should be consistent with the FSA. (Civ. Doc. # 1). However, for the reasons explained below, Johnson is not entitled to relief.[2]

First, the stipulated drug quantity which applied to Count One of the indictment (to which Johnson pleaded guilty) was 1.5 kilograms of "crack" cocaine. The statutory minimum and maximum applicable to such a quantity is unaffected by passage and/or application of the FSA. Pursuant to his plea, Johnson's conduct in Count One of the indictment involved 1,500 grams of "crack" cocaine, significantly more than the smaller amounts that trigger the FSA's provisions.

Second, Johnson's guidelines were originally calculated to reflect the 28:1 "crack" to "powder" ratio enacted in Amendment 750 to the United States Sentencing Guidelines. Thus, even though the law at the time Johnson was sentenced did not require it, Johnson has already received the benefit of the FSA.

**III.   Conclusion**

For these reasons, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this ___12th___ day of December, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] The court need not decide whether Johnson's Section 2255 motion is untimely under Section 2255(f)(1). That subsection provides that a Section 2255 motion may be filed within one year from "the date on which the judgment of conviction becomes final." As a general rule, a judgment of conviction becomes final when the opportunity for direct appeal has been exhausted. *See Atkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). As Johnson did not appeal his conviction, his conviction became final 14 days after the entry of the amended judgment in his case. Fed.R.App.Pro. 4(b)(1)(A). That means that since the amended judgment and commitment in Johnson's case was entered on October 25, 2011, Johnson had until November 9, 2012 to file his 2255 motion. The instant motion was filed nearly two months later, on December 28, 2012.